UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID J. GREGOIRE,

 Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,
WEST END TRUST 2012-1, MIDLAND
LOAN SERVICES, and LNR PARTNERS,
LLC ASSOCIATION,

 Defendants.

Civil Action No. 1:15-cv-00208-M-LDA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
BAYVIEW LOAN SERVICING, LLC'S MOTION TO DISMISS**

 Defendant Bayview Loan Servicing, LLC ("Bayview), by and through its undersigned counsel, submits the following memorandum of law in support of its motion to dismiss the Complaint filed by plaintiff David J. Gregoire ("Plaintiff").

**INTRODUCTION**

 Taking the shotgun approach in his Complaint, Plaintiff alleges that starting in December 2012 unspecified "Defendants" somehow breached a loan modification agreement (a copy of which Plaintiff attaches as Exhibit 1 to the Complaint). The Complaint makes clear, however, that Bayview was not servicing the Plaintiff's loan at the time of the alleged breach in 2012 (or anytime thereafter), and the Complaint otherwise fails to include any allegations that Bayview was responsible for any of the purported misconduct about which Plaintiff complains. As set forth in detail below, Plaintiff's claims against Bayview fail on multiple grounds.

 **First**, Plaintiff failed to disclose the existence of his alleged claims in connection with his June 2013 Chapter 7 bankruptcy petition, so he lacks standing to assert those claims now. The Court should also apply the doctrine of judicial estoppel to Plaintiff's claims because, having

obtained a Chapter 7 discharge based on the failure to disclose assets to the trustee, he should not be allowed to benefit by taking an inconsistent position in this case.

**Second**, Plaintiff has not satisfied the Rule 8(a) pleading standard because the Complaint contains no allegations whatsoever directed to Bayview much less any allegation that Bayview was involved in any of the alleged wrongdoing described in the Complaint.

**Third**, the Complaint and its counts otherwise fail to state a claim under Rule 12(b)(6).

For these reasons, and as set forth in detail below, the Court should dismiss the Complaint with prejudice and grant any such other relief as the Court deems just and necessary.

## BACKGROUND

The Complaint alleges that on April 13, 2007, Plaintiff executed a note (the "Note") payable to Equity One, Inc. in the original principal amount of $262,600. See Compl. at ¶ 12.[1] The Note was secured by a mortgage (the "Mortgage"), which encumbered property located at 113-115 Bellingham Street, Woonsocket, RI 02895. See id. at ¶ 10, 12. The Complaint further alleges that on November 30, 2010, Plaintiff executed a modification agreement (the "Modification Agreement") with Bayview as servicer on the Note and the Mortgage. See id. at ¶ 13, Ex. 1.

Plaintiff appears to base his entire Complaint on the allegation that more than two years later, in December 2012, Plaintiff received a mortgage billing statement, from a defendant other than Bayview, which Plaintiff claims was sent contrary to the terms of the Modification Agreement. See id. at ¶¶ 16–17, Ex. 4. As the Complaint and its attachments make clear, however, Bayview was <u>not</u> the servicer on the loan at that time, and it is not alleged to have played any role in the sending of any of the documents on which Plaintiff bases his claims. See

---

[1] Bayview recites Plaintiff's allegation only for the purposes of its motion to dismiss, does not admit that any of the allegations in the Complaint are true, and expressly reserves all right to deny Plaintiff's allegations should the Court not grant Bayview's motion to dismiss.

id. at ¶ 13, Exs. 3–6. Thus, the Complaint contains no allegation that Bayview failed to honor and abide by the terms of the Modification Agreement, nor does the Complaint contain any allegations of any misconduct whatsoever occurred by Bayview or at a time when Bayview serviced the loan.

**STANDARD OF REVIEW**

Bayview moves to dismiss the Complaint under Rule 12(b)(1) because Plaintiff lacks standing to sue Bayview. When "evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction," the Court "construe[s] [the] complaint liberally and ordinarily may consider whatever evidence has been submitted." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011). Thus, in disposing of a motion brought pursuant to Rule 12(b)(1), matters outside the pleadings can be presented to and considered by the Court. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

Bayview also moves to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the Court need not accept "legal conclusion[s]," "naked assertion[s]" without "factual enhancement[s]," "conclusory statement[s]," or implausible inferences. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 561 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, … do not suffice."). Rather, the Complaint must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Where plaintiffs "have not nudged their claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678.

## ARGUMENT

**A.     Plaintiff's Chapter 7 Bankruptcy Proceeding Precludes His Claims**

On June 28, 2013— over six months *after* Plaintiff alleges he received notice of the purported breach of the modification agreement—Plaintiff filed for Chapter 7 bankruptcy in the Bankruptcy Court for the District of Massachusetts, Case No. 13-13909 (the "Chapter 7 Proceeding").  In the schedules filed in support of his petition, Plaintiff failed to list his purported claims against Bayview for the alleged breach of the modification agreement.  Thus, Plaintiff claims should be dismissed because he lacks standing to pursue those claims.  The Court should also apply the doctrine of judicial estoppel and prevent Plaintiff from proceeding against Bayview.

**1.     Plaintiff's Chapter 7 Bankruptcy Proceeding**

On June 28, 2013, Plaintiff filed a petition seeking bankruptcy under Chapter 7 of the Bankruptcy Code.  See Exhibits A and B (attached hereto).[2]  On "Schedule B - Personal Property," Plaintiff was obliged to list any "contingent and unliquidated claims of every nature." Id. at ECF/CM p. 14, Plaintiff checked the box for "none" to indicate that he did not have an interest in any unliquidated claims as of June 2013.  Id.  In executing his bankruptcy schedules, Plaintiff certified "under penalty of perjury" that the schedules are "true and correct to the best of my knowledge, information, and belief."  See id. at ECF/CM p. 25.  Without notice of Plaintiff's alleged claims, on September 24, 2013, the bankruptcy court granted a discharge to Plaintiff

---

[2]     The Court may take judicial notice of the docket and documents filed by Plaintiff in his Chapter 7 Proceeding, including Plaintiff's Petition and all accompanying schedules.  See Fed. R. Evid. 201(B) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); see McKinney v. Waterman Steamship Corp., 925 F.2d 1, 5 (1st Cir. 1991) (taking judicial notice of bankruptcy court proceedings and the documents filed therein); see also Mangiafic v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice").

under 11 U.S.C. § 727. See Exhibit C (attached hereto).

### 2. Plaintiff Lacks Standing to Assert Claims Against Bayview

Plaintiff lacks standing to assert his claims because he failed to disclose the existence of his alleged claims when he filed for bankruptcy protection in June 2013. When a bankruptcy petition is filed, an "estate" is created consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case," which includes prepetition causes of action. See 11 U.S.C. § 541(a); Howe v. Richardson, 193 F.3d 60, 61 (1st Cir. 1999). Once a cause of action becomes property of the bankruptcy estate, the bankruptcy "trustee steps into the shoes of the debtor for the purposes of asserting or maintaining" such claims. In re Rare Coin Galleries of Am., Inc., 862 F.2d 896, 901 (1st Cir. 1988). At the close of bankruptcy, all assets properly scheduled, and not otherwise administered by the trustee, are "abandoned to the debtor." 11 U.S.C. § 554(c) (emphasis added). "[A]ny asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name." Jeffrey v. Desmond, 70 F.3d 183, 186, n.3 (1st Cir. 1995).

The claims set forth in the Complaint had already accrued and were known to Plaintiff when he filed for bankruptcy protection in June 2013. See Compl. at ¶¶ 16–17 & Exs. 2, 4. The claims asserted in the Complaint never became part of Plaintiff's bankruptcy estate in June 2013 and, therefore have not been abandoned by the trustee. Accordingly, Plaintiff lacks standing to pursue such claims, and the Court should dismiss the Complaint for this reason. See In re Howe, 232 B.R. 534, 539 (B.A.P. 1st Cir.) aff'd sub nom. Howe, 193 F.3d at 60.

### 3. The Court Should Apply the Doctrine of Judicial Estoppel to Bar Plaintiff's Claims

The Court should apply the doctrine of judicial estoppel—based upon Plaintiff's failure to list his alleged claims as an asset on his bankruptcy schedules—to preclude him from unfairly

profiting from his failure to do so. The Bankruptcy Code imposes an affirmative and continuing duty on the debtor to advise the court of all the debtor's assets and liabilities. See 11 U.S.C. § 521. Thus, a court may judicially estop a party from gaining an unfair advantage by asserting one position in his bankruptcy and then seeking an advantage by taking a clearly inconsistent position in a subsequent suit. Guay v. Burack, 677 F.3d 10, 17–18 (1st Cir. 2012); see Reis v. Nat'l Passenger R.R., No. CIV.A. 07-236S, 2008 WL 4922208, at *2 (D.R.I. Nov. 13, 2008). A court may apply judicial estoppel based upon representations in a debtor's bankruptcy schedules. See, e.g., In re Angelo, 480 B.R. 70, 94 (Bankr. D. Mass. 2012) ("It is well-established that judicial estoppel may be invoked where a debtor made a representation in his bankruptcy schedules and then articulated a contrary position in litigation."). In determining whether to apply the doctrine of judicial estoppel, courts consider several factors, including: (1) whether party's later position is clearly inconsistent; (2) whether party has succeeded in persuading court to accept that party's earlier position; and (3) whether party seeking to assert inconsistent position would derive an unfair advantage or impose an unfair detriment on opposing party if not estopped. In re Robotic Vision Sys., Inc., 367 B.R. 232, 239-40 (B.A.P. 1st Cir. 2007); see In re Angelo, 480 B.R. at 94.

In this case, all of the factors weigh in favor of precluding Plaintiffs' claims by application of the doctrine of judicial estoppel. First, in this case Plaintiff clearly takes a position that is inconsistent insofar as Plaintiff failed to list his alleged claims as assets on his bankruptcy schedules. See In re Angelo, 480 B.R. at 94–95. Second, the bankruptcy court accepted Plaintiff's earlier inconsistent position when it discharged his debt, thereby conferring a significant benefit on Plaintiff based (at least in part) on his failure to disclose all of his assets to the Bankruptcy trustee. See Exhibit C; see also Guay, 677 F.3d at 18 (the First Circuit has held

that a "bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy schedules when it grants the debtor relief, such a discharge, on the basis of those filings"). Third, Plaintiff would gain an unfair advantage if he were permitted to pursue his causes of action after he failed to disclose their existence to his creditors. See id. at 18–20. Accordingly, to protect the "integrity of the bankruptcy process," the Court should apply the doctrine of judicial estoppel and preclude Plaintiff from pursuing his claims. Id. at 19.

B.     **Plaintiff Has Not Satisfied the Rule 8(a) Pleading Standard Regarding Bayview**

As discussed above, the Complaint alleges that Bayview was servicer of the loan when the modification agreement was executed on November 30, 2010. See Compl. at ¶ 13, Ex. 1. Apart from that skeletal allegation, the Complaint fails to include a single allegation that Bayview was in any way involved in purported wrongdoing described in the Complaint.[3] Without more, the allegations in the Complaint are insufficient to meet the pleading standard under Rule 8(a). See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678–79; see also, e.g., Meas v. Greenpoint Mortgage Funding, Inc., No. 12-438-M, 2013 WL 5652054, at *2 (D.R.I. Oct. 16, 2013) (McConnell, J.) (dismissing complaint and noting that a "solitary factual assertion," which is "insufficient to support the ultimate legal conclusion," fails to meet Rule 8(a) pleading standard).

Nor do the Complaint's group-pleading allegations against unspecified "Defendants" raise any plausible inference of wrongdoing by Bayview. See, e.g., Compl. at ¶ 26; Schofield v.

---

[3]     Indeed, because the Complaint does not (and cannot) allege that Bayview was in any way involved in purported wrongdoing described therein, Plaintiff also lacks standing to assert claims against Bayview. To satisfy Article III at the pleadings stage, Plaintiff bears the burden of alleging: (1) a concrete injury-in-fact; (2) a causal connection between the alleged injury and the alleged wrongdoing; and (3) the likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Because Plaintiff has not met his burden of pleading an injury "fairly traceable" to any action or inaction by Bayview, Lujan, 504 U.S. at 560, he has failed to establish his standing to maintain suit against Bayview, and the Court should dismiss the Complaint for this reason as well.

U.S. Bank N.A., No. 11-170-M, 2012 WL 3011759 at *3–5 (D.R.I. July 23, 2012) (McConnell, J.) (dismissing complaint that contained no allegations specific to any defendant, but rather made undifferentiated allegations against unspecified "defendants"). In this case, the Complaint's shortcoming in this regard is particularly notable, because the Complaint makes it clear that Bayview was not the servicer of the loan when any of the alleged misconduct occurred. See id. at ¶ 13, Exs. 3–6. The Court should dismiss the Complaint against Bayview.

**C.    Plaintiff Otherwise Fails to State a Claim Under Rule 12(b)(6)**

**1.    Counts II and IV, Which Both Appear to Seek Relief for Breach of Duty of Good Faith and Fair Dealing, Fail to State A Claim Upon Which Relief Can Be Granted and Should Be Dismissed**

Count II, alleging a breach of the duty of good faith and reasonable diligence, and Count IV, alleging a breach of the duty of good faith and fair dealing, both appear to seek relief for a breach of a purported duty of good faith and fair dealing. Compare Compl. at ¶ 41 ("the Defendants[] owed the Plaintiff a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale"), with Compl. at ¶ 88 ("The Defendants' [sic] are obligated by contract and common law to act in good faith and to deal fairly with the Plaintiff").[4] Count IV also includes a claim for breach of contract. Both counts fail to state a claim, however, because Plaintiff has not identified any breach by Bayview of the Modification Agreement, which is a prerequisite to both a claim for breach of contract and a claim for breach of the implied duty of good faith and fair dealing. See A.A.A. Pool Serv. & Supply Inc. v. Aetna Cas. & Sur. Co., 395 A.2d 724, 726 (R.I. 1978) (although the covenant of good faith and fair dealing is implied in all contracts in the State of Rhode Island, it "does not give rise to an independent tort").

---

[4]    A cause of action for "breach of the duty of good faith and reasonable diligence" has never been recognized by Rhode Island law.

Plaintiff alleges that he had a contract with Bayview in the form of the Modification Agreement (Compl. at ¶ 13), but Plaintiff does not allege any facts that plausibly describe how Bayview breached that agreement. Not only is this allegation insufficiently pled, Twombly, 550 U.S. at 555, but Plaintiff has not—and cannot—point to any contractual duty or obligation that Bayview is alleged to have breached. Accordingly, even if the unsupported allegations in Plaintiff's Complaint were true, they do not state a cause of action against Bayview for breach of the duty of good faith and reasonable diligence because Plaintiff has not plausibly plead that Bayview breached any term of the Modification Agreement. Counts II and IV must therefore be dismissed.

### 2. Count III for Common Law Fraud Claim Should Be Dismissed Because Plaintiff Fails to Plead Fraud with Particularity

Count III alleges common law fraud. Rule 9(b) of the Federal Rules of Civil Procedure states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."

> [E]vidence and detailed facts are not required where allegations of fraud set forth the specific basis for the claim. Even where allegations are based on information and belief, supporting facts on which the belief is founded must be set forth in the complaint. And this holds true "even when the fraud relates to matters peculiarly within the knowledge of the opposing party."

Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir.1985) (quoting Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 13–14 (1st Cir.1984)); Clark v. Mortgage Electronic Registration Systems, Inc., 7 F. Supp. 3d 169, 185 (D.R.I. 2014) (McConnell, J.). Here, Plaintiff recites the elements of a fraud claim without once making a single factual allegation against Bayview, much less describing any alleged fraud with the level of particularity required under Rule 9(a). Count III must therefore be dismissed.

### 3. Count V, Alleging a Violation of R.I. Gen. Laws § 6-13, Should Be Dismissed Because the Rhode Island Deceptive Trade Practices Act Does Not Apply to Mortgage Loans

Count IV alleges violation of the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13-1, et seq. ("DTPA"). Rhode Island courts have been clear that "the Rhode Island DTPA statute does not apply to mortgage loans." Miller v. Wells Fargo Bank, N.A., No. KC-11-0060, 2015 WL 1515942, at *8 (R.I. Super. Ct. Mar. 30, 2015) (Rubine, J.) (holding that the mortgages are not "goods or services" within the meaning of the DTPA).

In addition, activities subject to regulation by a government agency are exempt from the DTPA. R.I. Gen. Laws § 6-13.1-4 ("Nothing in this chapter shall apply to actions or transactions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of this state or the United States."); Chavers v. Fleet Bank (RI), N.A., 844 A.2d 666, 670 (R.I. 2004); State v. Piedmont Funding Corp., 382 A.2d 819, 822 (R.I. 1978) (finding that the General Assembly clearly intended to exempt all those activities and business relations that are subject to monitoring by state or federal regulatory bodies or officers); Miller, 2015 WL 1515942 at *8 (holding that the DTPA does not apply to defendant financial institution in light of the fact that other laws and government agencies regulate that institution).

Thus, because mortgages are not "goods or services" within the meaning of the DTPA, and because Bayview is otherwise regulated by federal and state law, the Court should dismiss Plaintiff's DTPA claims.

### 4. Count VI for Promissory Estoppel Fails to State a Claim Upon Which Relief Can Be Granted and Should Be Dismissed

Count VI requests that this Court apply promissory estoppel. "Promissory estoppel ... provides a basis for recovery [only] when no contract exists." In re Moultonborough Hotel Grp.,

LLC, 726 F.3d 1, 7 (1st Cir. 2013). The existence of a written contract governing a particular subject matter precludes application of promissory estoppel. See Mehan v. Gershkoff, 230 A.2d 867, 870 (R.I. 1967) ("It is well settled that where there is an express contract between the parties referring to a subject matter, there can be no implied contract arising by implication of law governing that same subject matter."); see also Roy v. Gen. Elec. Co., 544 F. Supp. 2d 103, 110 (D.R.I. 2008) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."). Here, the Modification Agreement is alleged to be a valid written agreement, and its scope clearly covers the dispute put forward by Plaintiff. Therefore, Plaintiff's promissory estoppel claim must be dismissed.

**5.  Plaintiff's Claims for Injunctive and Declaratory Relief in Count I Fail to State a Claim Upon Which Relief Can Be Granted**

Count I of the Complaint asserts a claim for injunctive relief. Yet a request for "injunctive relief" is not a stand-alone cause of action. See Long v. Dell, Inc., 93 A.3d 988, 1004 (R.I. 2014) ("An injunction is a remedy, not a cause of action."); see also In re WellNx Marketing and Sales Practices Litig., 673 F. Supp. 2d 43, 58 (D. Mass. 2009). Plaintiff's count for injunctive relief should be denied on this basis alone.

Similarly, Plaintiff's claim for declaratory judgment pursuant to the Rhode Island Uniform Declaratory Judgment Act, R.I. Gen. Laws § 9-30-2 (see Compl. at ¶ 4(d)), should be dismissed, because that statute has no application to these proceedings. As an initial matter, Rhode Island's declaratory judgment act can only be asserted in "[t]he superior or family court upon petition." R.I. Gen. Laws. § 9-30-1. This Court lacks jurisdiction to hear claims brought under that statute. Moreover, the federal declaratory judgment act "controls the question of whether a district court may grant declaratory relief," to the exclusion of state laws. Essex Ins.

Co. v. Westerly Granite Co., No. CA 14-241 ML, 2014 WL 4996693, at *1 (D.R.I. Oct. 7, 2014) (quoting Providence Journal Co. v. Travelers Indemnity Co., 938 F. Supp. 1066, 1079 (D.R.I. 1996). That is so because in a diversity action, a federal court applies federal procedural law and state substantive law, see Essex Ins. Co., 2014 WL 4996693, at *1, and the federal Declaratory Judgment Act, 28 U.S.C. § 2201, is procedural in nature, therefore it is applied in this case instead of its state analogue. Medtronic, Inc. v. Mirowski Family Ventures, LLC, --- U.S. ---, 134 S. Ct. 843, 849 (2014).

And even if the Court could entertain Plaintiff's claim for declaratory judgment under R.I. Gen. Laws § 9-30-2, which it cannot, Plaintiff's claim would fail. The Rhode Island Uniform Declaratory Judgment Act, R.I. Gen. Laws §§ 9-30-1, et seq., has a specific purpose, namely "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." R.I. Gen. Laws § 9-30-12. In light of this purpose, courts have interpreted the act as applying "to render disputes concerning the legal rights and duties of parties justiciable without proof of a wrong committed by one party against another," Millett v. Hoisting Engineers' Licensing Div. of Dep't of Labor, 377 A.2d 229, 233 (R.I. 1977) (emphasis added), and not providing for affirmative relief, Liguori v. Aetna Cas. & Surety Co., 384 A.2d 308, 312 (R.I. 1978), superseded by statute on other grounds by R.I. Gen. Laws § 42-14-16. Even if Plaintiff's claim for declaratory judgment under R.I. Gen. Laws §§ 9-30-1 were properly before this Court, the relief Plaintiff requests does not fit within these contours and the claim should be dismissed. See Chase v. Mousseau, 448 A.2d 1221, 1224 (R.I. 1982) (concluding that in light of Millett and Liguori, plaintiff could not bring claims for declaratory judgment that arose out of alleged statutory violation and sought money damages).

Finally, even if Plaintiff had requested declaratory relief under the federal Declaratory

Judgment Act, 28 U.S.C. § 2201, his claim would fail.  A claim for a declaratory judgment "is a procedural device" and is not available as a remedy to the extent that the underlying substantive claim is barred.  See, e.g., John Beaudette, Inc. v. Sentry Ins. A Mut. Co., 94 F. Supp. 2d 77, 99 (D. Mass. 1999) (request for declaratory relief barred where underlying cause of action is barred); see also Lefkowitz v. Lider, 443 F. Supp. 352, 358 (D. Mass. 1978) (absent some independent basis for relief, "the added remedy of declaratory relief cannot be granted").  Here, Plaintiff has failed to allege any substantive claim against Bayview.  To the extent that the basis for Plaintiff's declaratory relief is predicated on Counts II through VI, because those claims fail, so too must Plaintiff's dependent requests for declaratory judgment.

## CONCLUSION

For the foregoing reasons, defendant Bayview Loan Servicing, LLC respectfully requests that the Court grant its motion, dismiss the Complaint with prejudice and without leave to amend, and grant any such other relief as the Court deems just and necessary.

Respectfully submitted,

BAYVIEW LOAN SERVICING, LLC,

By its counsel,

*Christopher J. Valente*
Gregory N. Blase (admitted *pro hac vice*)
   gregory.blase@klgates.com
Christopher J. Valente (#8808)
   Christopher.valente@klgates.com
K&L GATES LLP
One Lincoln Street
Boston, MA  02111
T.  617.261.3100
F.  617.261.3175

August 25, 2015

## CERTIFICATE OF SERVICE

      I hereby certify that this **Memorandum of Law in Support of Defendant Bayview Loan Servicing, LLC's Motion to Dismiss** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 25, 2015.

                                          *Christopher J. Valente*
                                          Christopher J. Valente